IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2009 JAN 26 A 11: 16

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ALBERT WILSON, RUFUS BARNES, DAVID BROOKS, JOSEPH DANZEY, BRYAN GAVINS, DONALD SIMMONS, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>RICHARD F. ALLEN, COMMISSIONER, STATE OF ALABAMA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NUMBER:<br>) 2:09CV66<br>)<br>) JURY DEMAND<br>)<br>)<br>) |

## COLLECTIVE ACTION COMPLAINT

### I. JURISDICTION

1.  This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") 42 U.S.C. § 1983 and state tort claims.

2.  Venue is proper in the Middle District of Alabama, under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## II. PARTIES

3.  Plaintiff, Donald Simmons ("Simmons"), was hired on January 11, 1991 by the ADOC and is currently employed as a Correctional Officer at Easterling Correctional Facility in Clio, Alabama. Simmons is a resident of Montgomery County, Alabama.

4.  Plaintiff, Rufus Barnes ("Barnes"), was hired on October 15, 1990 by the ADOC and is currently employed as a Correctional Officer at Easterling Correctional Facility. Barnes is a resident of Alabama.

5.  Plaintiff, Albert Wilson ("Wilson"), was hired on June 6, 1990 by the ADOC and is currently employed as a Correctional Officer at Easterling Correctional Facility. Wilson is a resident of Alabama.

6.  Plaintiff, Brian Gavins ("Gavins"), was hired on December 14, 1998 by the ADOC and is currently employed as a Correctional Officer at Easterling Correctional Facility. Gavins is a resident of Alabama.

7.  Plaintiff, David Brooks ("Brooks"), was hired on March 22, 1999 by the ADOC and is currently employed as a Correctional Officer at Easterling Correctional Facility. Brooks is a resident of Alabama.

8.  Plaintiff, Joseph Danzey ("Danzey"), was hired on December 29, 2003 by the ADOC and is currently employed as a Correctional Officer at Easterling

Correctional Facility.  Danzey is a resident of Alabama.

9. Defendant, Richard F. Allen, Commissioner, is the Commissioner and responsible agent of the Department of Corrections.

10. Defendant, State of Alabama, Department of Corrections, is a corporation doing business in the State of Alabama and is an employer of the Plaintiffs as defined by § 203(e)(1) of the FLSA.

11. Plaintiffs were employees as defined by 29 U.S.C. §203(e).

### III. COLLECTIVE ACTION FACTUAL ALLEGATIONS

12. Plaintiffs bring this action on behalf of themselves and others similarly situated individuals pursuant to 29 U.S.C. §216(b). (*See* Plaintiffs' consent forms attached hereto).  Plaintiffs and those similarly situated are individuals who were, or are, employed by the Defendants as non-exempt Correctional Officer I Classification Code 60711 and similar positions at correctional facilities throughout the State of Alabama.

13. Plaintiffs and the similarly situated individuals are similar because their duties are the same, their classification is the same, and their non-exempt status is the same.  Plaintiffs and the similarly situated individuals meet the collective action requirements of commonality, typicality and numerosity.

14. Effective October 1, 2008 correction officers at correction facilities

Bullock, Donaldson, Easterling, Holman, Limestone, St. Clair, and Ventress were required to work twelve hour shifts.

15. Correction officers at Bibb Correctional Facilities have been required to work twelve hour shifts since the opening of the facility.

16. Plaintiffs and the similarly situated individuals are required to work a long week consisting of forty-eight hours ("long week") and a short week consisting of thirty-six hours ("short week").

17. The Defendants are taking three hours of the eight hours worked during the long week and converting it to comp time at time and a half, resulting in four hours and thirty minutes of comp time.

18. The four hours of the comp time is then used to offset the four hours of time the employees are not scheduled to work during a short week.

19. The remaining thirty minutes is held in reserve by the Defendants "to help offset unscheduled time for future short weeks."

20. The remaining five hours of overtime from the long week are paid to the Plaintiffs and the similarly situated individuals.

21. If the Plaintiffs and the similarly situated individuals working a twelve hours shift do not work sufficient overtime to cover the four hours of unscheduled time for a short week, the Plaintiffs and the similarly situated individuals are charged by the

Defendants leave without pay for the amount of time that is needed to cover the four hours.

22. The Plaintiffs and the similarly situated individuals are not allowed to use annual leave to cover the four hours of unscheduled time. Neither can the Plaintiffs and the similarly situated individuals cannot use any comp time earned prior to being scheduled for twelve hour work weeks to account for the four hours of time. The Defendants require that the comp time used to cover the four hours must be earned from overtime worked during an employee's twelve hour work schedule.

23. The Plaintiffs and the similarly situated individuals are charged LWOP if they are do not work hours within the long week.

24. The Defendants allegedly implemented an area in the Kronos Time Card to account for both the earning and using of comp time earned during twelve hour shifts.

25. The Plaintiffs and the similarly situated individuals are denied use of the additional thirty minutes of comp time that is unused.

26. The Plaintiffs and the similarly situated individuals annual sick leave accruals are required to take twelve hours for each day (eight hours) accrued leave. Likewise, a three day suspension is converted to a twenty-four hour suspension.

27. The Plaintiffs filed a Petition against the twelve hours on August 18, 2008.

The Defendants ignored the Petition and denied the Plaintiffs a proper grievance.

28.  It is the policy of the Alabama Department of Corrections ("ADOC") that the allocation, accounting, and compensation of overtime work are administered in accordance with federal and state regulations.

29.  The ADOC Administrative Regulation No. 212 - Overtime Work states:

> III.K.  <u>Time and One Half</u>: Compensation at an employee's regular rate of pay <u>plus</u> one half of his/her regular rate of pay (1 ½ for 1) for which the employee physically worked overtime in excess of 40 hours per workweek.
>
> III.G.  <u>Overtime</u>: Work in excess of forty (40) hours per workweek.
>
> V.D.2. Earn compensatory time at a rate of time and one-half if physically worked a full 40-hour workweek in which overtime occurred.
>
> V.D.3. Earn compensatory time at a rate of straight overtime if not physically worked a full 40-hour workweek in which overtime occurred.
>
> V.H. Non-Exempt security/law enforcement employees shall:
>     1. Be compensated for overtime work by monetary payment or compensatory time in compliance with the Fair Labor Standards Act, state procedures, and Section 36-21-4 an Section 36-21-5, Code of Alabama, 1975.

30.  Defendants violated Ala. Code 1975 §36-21-4 which states:

> Each state law enforcement officer in the service of the state who is assigned to duty for more than 40 hours during the

6

calendar week shall be paid time and one half for such excess hours worked or he shall be given time and one-half compensatory leave as herein provided, except as hereinafter limited. Such officers shall normally work a 40-hour work week.

Hours worked in excess of 40 hours in any calendar week shall be compensated at the rate of one and one-half time his regular rate of pay up to a maximum of eight hours per week; however, compensatory time at the rate of one and one-half times regular time may be paid for overtime worked. The decision of whether to accept overtime pay or compensatory time shall be at the sole option of the officer.

31.  Defendants also violated Ala. Code 1975 §36-21-2 Subsistence Allowance which states:

(a) Any law enforcement officer of the State of Alabama who is employed by the ... or correctional officers of the Department of Corrections shall receive a subsistence allowance of twelve dollars ($12) for each working day of a pay period while engaged in the performance of the duties as a law enforcement officer. This allowance shall be in addition to all other compensation, expenses, and allowances provided those officers.

(b) The subsistence allowance shall not be subject to any income or other taxes levied by the State of Alabama or the federal government.

## IV. CAUSES OF ACTION

### COUNT ONE -"FAIR LABOR STANDARDS ACT"

32.  Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

33.   The FLSA, 29 U.S.C. §206 requires employers to pay employees a minimum wage for all hours worked. Section 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per work week.

34.   Defendants' actions, policies and/or practices described above violated the FLSA's minimum wage and overtime requirements by regularly and repeatedly failing to compensate Plaintiffs and the similarly situated individuals for hours worked in a work week in excess of forty hours.

35.   As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.

36.   Plaintiffs and the similarly situated individuals are entitled to liquidated damages and are also entitled to attorneys' fees and costs incurred in connection with this claim.

37.   Defendant's knew, or showed reckless disregard for the fact that they failed to pay these individuals for all overtime at the required rate.

## COUNT TWO - 42 U.S.C. § 1983

38.   Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

39.   This claim is brought pursuant to 42 U.S.C. §1983 which prohibits the

deprivation of citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

## COUNT THREE - UNJUST ENRICHMENT

40. Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

41. As a result of the policies and practices of the Defendants, Defendants have been unjustly enriched to the detriment of Plaintiffs and others similarly situated.

42. Defendants owe Plaintiffs and others similarly situated those amounts collected which are in violation of Alabama Law.

## COUNT FOUR - MONEY HAD AND RECEIVED

43. Plaintiffs incorporate all paragraphs set out above as if fully set out herein

44. As a result of the policies and practices of the Defendants, the Plaintiffs and other members similarly situated have been deprived of property and money.

45. Defendants owe the Plaintiffs, and all others similarly situated, the moneys paid in contravention of Alabama law.

## V. *AD DAMIUM* CLAUSE

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

1. Judgment against Defendants for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable minimum wage and/or overtime rate;

2. An equal amount to the unpaid back wages as liquidated damages;

3. An award of prejudgment interest (to the extent liquidated damages are not awarded);

4. Leave to add additional Plaintiffs by the filing of written consent forms, or any other method approved by the Court;

5. Costs and attorneys' fees to the extent allowed by law; and

6. Such further relief as the Court deems just and equitable.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY.**

/s/ Kimberly R. Dodson
KIMBERLY DODSON
State Bar No.: ASB-0487-L58D

**OF COUNSEL:**
LAW OFFICES OF KIMBERLY R. DODSON, LLC
200 Title Building
300 Richard Arrington Blvd. Jr. North
Birmingham, Alabama 35203
Telephone (205) 252-2500
Facsimile (205) 252-4907
krd@kdodsonlaw.com

**Please Serve Defendant via Certified Mail at:**

Governor Bob Riley
State Capitol
600 Dexter Avenue
Montgomery, AL 36130

Richard F. Allen, Commissioner
Alabama Department of Corrections
301 S. Ripley Street
P.O. Box 301501
Montgomery, AL. 36130-1501

/s/ Kimberly R. Dodson
OF COUNSEL